UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:19-CV-80602-DMM

CGP CANADIAN, LTD; CGSK TULIA, LTD; CGP
SEYMOUR, LTD.; CGP OROFINO, LLC; CGP
COMANCHE, LTD; CGP JACKSBORO, LTD; CGP
COTULLA, LTD; CGP PROSSER, LLC; CGP
CLIFTON, LTD,

        Plaintiffs,

v.

SUN CAPITAL PARTNERS GROUP, INC.; SUN
CAPITAL PARTNERS, IV, LP; SUN CAPITAL
MANAGEMENT, LLC; AND KLA-SHOPKO, LLC,

        Defendants.

_____

**JOINT NOTICE REGARDING REOPENING
OF PROCEEDINGS AND STIPULATION OF DISMISSAL**

Pursuant to the Court's November 7, 2019 Order on Motion to Reopen (Fla. Dkt. No. 22) (the "Reopen Order"), CGP Canadian, Ltd., CGSK Tulia, Ltd., CGP Seymour, Ltd., CGP Orofino, LLC., CGP Comanchie, Ltd., CGP Jacksboro, Ltd., CGP Cotulla, Ltd., CGP Prosser, LLC, CGP Clifton, Ltd. (collectively, the "Plaintiffs"); Sun Capital Partners Group, Inc., Sun Capital Partners, IV, LP, and Sun Capital Management, LLC (collectively, the "Sun Parties" or "Defendants"), hereby jointly notify the Court that the Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court") has issued a final order granting the Sun Parties' motion and finding that the claims asserted in this proceeding are property of the ShopKo bankruptcy estate, and that all appeals from that final order have been resolved. Accordingly, Plaintiffs and Defendants (collectively, the "Parties"), request that this proceeding be reopened. Upon

reopening, as incorporated herein, the Parties stipulate that this proceeding is voluntarily dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

## BACKGROUND[1]

1. On May 6, 2019, Plaintiffs commenced this action by filing their Complaint (Fla. Dkt. No. 1) (the "Complaint"), which contained allegations relating to ShopKo, which is the subject of bankruptcy proceedings in the United States Bankruptcy Court for the District of Nebraska.[2] Per an agreed resolution between the Parties in the bankruptcy proceedings, the Sun Parties filed a motion in the Bankruptcy Court to obtain a determination as to whether the causes of action set forth in this proceeding are or were property of the ShopKo bankruptcy estate, are subject to the automatic stay, and/or were released by ShopKo in the bankruptcy proceedings (the "Bankruptcy Motion").

2. On June 19, 2019, this Court entered the Stay Order, staying and administratively closing these Florida proceedings pending resolution of the Bankruptcy Motion by the Bankruptcy Court. Fla. Dkt. No. 15.

3. On July 11, 2019, Defendants filed the Bankruptcy Motion in the Bankruptcy Court. Bankr. Dkt. No. 1690. On October 1, 2019, the Bankruptcy Court granted the Bankruptcy Motion (the "Bankruptcy Order"), holding that "the causes of action as currently alleged are

---

[1] References to these above-captioned proceedings are referred to as "Fla. Dkt. No. __." References to the proceedings in the United States Bankruptcy Court for the District of Nebraska (No. 19-80064) are referred to as "Bankr. Ct. Dkt. No. __." References to the appeal to the United States District Court for District of Nebraska (No. 19-504) are referred to as "Dist. Ct. Dkt. No. __." References to the appeal to the United States Court of Appeals for the Eighth Circuit (No. 21-1001) are referred to as "Cir. Ct. Dkt. No. __").

[2] Capitalized terms not otherwise defined shall have the meaning given them in the Parties' Joint Status Report and Request for Continued and/or Reinstated Stay of Proceedings (the "Stay Request"). Fla. Dkt. No. 17. The Parties refer to the Stay Request for further background, which is not repeated here.

derivative and, therefore, belong to the bankruptcy estate alone" and that Plaintiffs "do not have standing to bring those causes of action." Oct. 1, 2019 Hr'g Tr. at 39:18-23 (Bankr. Dkt. No. 1982).

4. On October 11, 2019, Plaintiffs filed the First Amended Complaint (the "Amended Complaint") in this action. Fla. Dkt. No. 16. Also on October 11, 2019, Plaintiffs filed in the Bankruptcy Court a Motion to Reconsider the Bankruptcy Order (the "Reconsideration Motion"). Bankr. Dkt. No. 2005.

5. On October 24, 2019, the Parties filed the Joint Request for Continued and/or Reinstated Stay (the "Stay Request") in this action, requesting that this action remain stayed pending resolution of the Reconsideration Motion. Fla. Dkt. No. 17.

6. On October 31, 2019, the Court granted the Stay Request and struck the Amended Complaint (the "Strike Order"), stating: "Plaintiffs did not file the required notice regarding the status of the bankruptcy proceedings." Fla. Dkt. No. 18. The Court ruled that "the Parties shall file the *notice* required by the prior stay order (DE 15) upon the resolution of the relevant bankruptcy proceedings." *Id.* (emphasis in original).

7. On November 1, 2019, Plaintiffs filed in this Court the Notice Regarding Progress of Bankruptcy Proceedings (the "Notice"), providing notice "of the progress of the bankruptcy proceedings for the purpose of reopening this case, and allowing the re-filing of the First Amended Complaint." Fla. Dkt. No. 19. Having filed the Notice, Plaintiffs then re-filed the Amended Complaint. Fla. Dkt. No. 20.

8. On November 5, 2019, the Parties filed a Joint Request for Limited Reopening of Proceedings, stating that "Defendants do not oppose the reopening of these proceedings for the limited purpose of allowing Plaintiffs to file the Amended Complaint." Fla. Dkt. No. 21.

9. On November 7, 2019, this Court issued the Reopen Order, denying the Parties' Joint Request for Limited Reopening of Proceedings, stating: "I will not re-open the case. Instead, I acknowledge the First Amended Complaint (DE 20) and will treat that Complaint as the operative complaint." Fla. Dkt. No. 22 at 2. The Court ordered that this case "shall be reopened upon joint notice that the Bankruptcy Court has resolved the underlying issue, i.e., whether Plaintiffs may bring this lawsuit." *Id.*

10. On November 6, 2019, the Bankruptcy Court denied Plaintiffs' Reconsideration Motion (Bankr. Dkt. No. 2050) (the "Reconsideration Order"), upholding its previous ruling that the claims asserted in this action belong to the bankruptcy estate and the Plaintiffs lack standing to bring those claims. Reconsideration Order at 1.

11. On November 18, 2019, Plaintiffs filed their Notice of Appeal, appealing the Bankruptcy Order and Reconsideration Order to the United States District Court for the District of Nebraska (the "District Court"). Bankr. Ct. Dkt. No. 2069.

12. On December 1, 2020, the District Court issued the Memorandum and Order and Judgment, affirming the Bankruptcy Court "in deciding that [Plaintiffs'] claims, as alleged in the Florida lawsuit, are property of Shopko's estate." Dist. Ct. Dkt. Nos. 44, 45.

13. On December 30, 2020, Plaintiffs filed their Notice of Appeal, appealing the District Court's "final Judgment and incorporated Memorandum and Order" to the United States Court of Appeals for the Eighth Circuit (the "Circuit Court"). Dist. Ct. Dkt. No. 48 (citations omitted).

14. On February 26, 2021, Plaintiffs notified Defendants that they were dismissing the appeal to the Circuit Court, and on March 1, 2021, the Parties filed a Stipulation of Dismissal. On the same day, the Circuit Court entered a Judgment and Mandate dismissing the appeal.

**REQUEST FOR REOPENING OF PROCEEDINGS**

15. Pursuant to this Court's November 7, 2019 Reopen Order, the parties hereby jointly notify the Court that, as set forth above, the "Bankruptcy Court has resolved the underlying issue, i.e., whether Plaintiffs may bring this lawsuit." Fla. Dkt. No. 22.

16. The Bankruptcy Court's Bankruptcy Order and Reconsideration Order are final orders that were affirmed by the District Court. Having voluntarily dismissed the Circuit Court appeal, all of Plaintiffs' appeals are resolved.

17. The Parties therefore request that these proceedings be reopened and, consistent with the ruling of the Bankruptcy Court, this action be dismissed.

**STIPULATION OF DISMISSAL**

18. Upon reopening, it is hereby stipulated and agreed, by and between the parties, that the above-captioned action is voluntarily dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and that each party shall bear its own costs, expenses, and attorneys' fees.

WHEREFORE, the undersigned Parties jointly request that that these proceeding be reopened, and the above Stipulation of Dismissal entered, dismissing these proceedings with prejudice.

Dated: April 9, 2021

Respectfully submitted,

| **MORGAN, LEWIS & BOCKIUS LLP** | **WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC** |
|---|---|
| */s/ Robert M. Brochin* | */s/ Joshua R. Gale* |
| Robert M. Brochin (Fla. Bar No. 319661) | Joshua R. Gale (Fla. Bar No. 63283) |
| bobby.brochin@morganlewis.com | jgale@wigginschilds.com |
| 200 South Biscayne Blvd., Suite 5300 | 101 N. Woodland Boulevard, Suite 600 |
| Miami, Florida 33131 | DeLand, Florida 23730 |
| -and- | -and- |
| Andrew J. Gallo | Brian M. Clark |
| andrew.gallo@morganlewis.com | bclark@wigginschilds.com |
| Nathaniel Bruhn | 301 19th Street N. |
| nathaniel.bruhn@morganlewis.com | Birmingham, AL 35205 |
| One Federal Street | |
| Boston, MA 02110-1726 | *Counsel for Plaintiffs* |
| *Counsel for Defendants Sun Capital Partners Group, Inc., Sun Capital Partners, IV, LP, and Sun Capital Management, LLC* | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*Robert M. Brochin*
Robert M. Brochin
